Filed 7/1/24  P. v. McKinnon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RONALD FRANK MCKINNON, JR.

    Defendant and Appellant.

E080511

(Super.Ct.No. RIF111497)

OPINION

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge. Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

On December 21, 2004, defendant and appellant Ronald Frank McKinnon, Jr., was convicted of attempted premeditated murder of a peace office (Pen. Code,[1] §§ 664, 187), assaulting a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)).  Defendant was sentenced to state prison for a total term of 30 years to life.

Nearly 20 years later, defendant filed a resentencing petition under section 1172.6 (former § 1170.95[2]) based on changes to murder liability in California.  The superior court summarily denied his petition.  On appeal, he contends the record is inadequate for a full and fair review of the court's order because the prosecution failed to submit a proper request for judicial notice of the record of conviction and the court failed to rule on that request.  Alternatively, he contends the record does not conclusively establish that he was not convicted based on a theory of imputed malice.  We reject defendant's contentions and conclude his record of conviction establishes he is ineligible for section 1172.6 relief as a matter of law.  (*People v. Lewis* (2021) 11 Cal.5th 952, 974 (*Lewis*).)  Accordingly, we affirm.

---

[1]  All undesignated section references are to the Penal Code.

[2]  Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6 with no change to the text. (Stats. 2022, ch. 58, § 10; *People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1.) The current section numbering will be used throughout this opinion.

# I. PROCEDURAL BACKGROUND AND FACTS

### A. *The Underlying Facts.*[3]

At the hearing on the section 1172.6 petition, defendant's counsel summarized the facts as follows: "[T]here was a sting operation days beforehand, and so the officers recognized [defendant]. Two separate officers who were not involved in that investigation were called out to a domestic violence, supposedly, type dispute. When the officers came out and tried to talk to them, [defendant] started walking away immediately. The officers started yelling, 'Stop or I'll shoot. Stop or I'll shoot.' [Defendant] started running.

"I'll make this short, Judge. The police officer shot [defendant] in the back twice. Once through the right thigh and once through his buttocks, and then hit his scrotum. So this is as [defendant] is running away. The officer claims that [defendant] had a firearm and there are witnesses to support that at the trial. There's conflicting evidence. But, at worst, what [defendant] did was he turned around with the gun. Officer never says he cocked it. Officer never says that he saw [defendant] about to pull the tripper. [Officer]

---

[3] Simultaneously with the filing of the respondent's brief, the People requested judicial notice of the record in defendant's appeal from the judgment (*People v. McKinnon* (Feb. 28, 2008, E040156, E040157) [nonpub. opn.]). (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Defense counsel opposed the request on the grounds "the trial court record does not reveal whether the court granted judicial notice of the records below." During oral argument, defense counsel raised due process concerns because the materials were not part of the initial record in this appeal; however, she acknowledged having reviewed the jury instructions and discussed the verdict forms with prior counsel. The People's request is granted, in part only. We take judicial notice of the jury instructions and verdict forms.

shot him twice in the back, . . . and [defendant] went to the ground.  We have conflicting evidence of witnesses who heard 'pop pop' shots.  Two shots in a row."

      B.      *Charges, Jury Instructions, Closing Arguments and Verdicts.*

Defendant was charged with attempted murder (§§ 187, 664), assault with a semiautomatic firearm on a peace officer (§ 245, subd. (d)(2)), and being a felon in possession of a semiautomatic handgun (former § 12021, subd. (a)(1)).  It was further alleged that the charged offenses were committed for the benefit of a gang (§ 186.22, subd. (d)), defendant personally used a firearm (§§ 12022.53, subd. (b), 1192.7, subd. (c)(8)), he suffered two prison priors (§ 667.5, subd. (b)) and one prior strike (§ 1170.12, subd. (c)(1)).

The jury was instructed on intentional attempted murder of a peace officer— (CALJIC Nos. 8.66[4] [attempted murder], 8.68 [attempted murder—peace officer victim], 1.26 [peace officer defined], and 9.23 [discharge or performance of duties defined])—and on premeditation and deliberation (CALJIC No. 8.67[5] [attempted murder—willful,

---

[4] In relevant part, former CALJIC No. 8.66 told jurors that "In order to prove attempted murder, each of the following elements must be proved:  [¶]  1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being.  [¶]  . . .  [A]cts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to kill.  The acts must be an immediate step in the present execution of the killing, the progress of which would be completed unless interrupted by some circumstances not intended in the original design."

[5] In relevant part, former CALJIC No. 8.67 told the jurors that "[i]t is also alleged in Count 1 that the crime attempted was willful, deliberate, and premediated murder.  If you find the defendant guilty of attempted murder, you must determine whether this

*[footnote continued on next page]*

deliberate, and premeditated]). Neither the prosecutor nor the defense requested, and the jury never received, instructions on aiding and abetting principles and the natural and probable consequences doctrine.

The jury began deliberations on December 20, 2004, and presented all verdicts the next day. Relevant to this appeal, the jury found defendant guilty of the willful, deliberate, and premediated attempted murder of a peace officer and assault with a semiautomatic firearm; it also found that he personally used a firearm and committed these offenses for the benefit of a criminal street gang. Defendant was sentenced to state prison for an indeterminate term of 30 years to life. In his direct appeal, we affirmed the judgment. (*McKinnon*, *supra*, E040156.)

*C. Defendant's Petition for Resentencing.*

In July 2022, defendant filled out and filed a form petition for resentencing under section 1172.6 alleging he could no longer be convicted of murder because of the changes to the law effected under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437). He was represented by counsel who submitted a memorandum of points and

---

allegation is true or not true. [¶] 'Willful' means intentional. 'Deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. 'Premeditated' means considered beforehand. [¶] If you find that the attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate, and premeditated murder. [¶] . . . [¶] The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true. [¶] You will include a special finding on that question in your verdict, using a form that will be supplied for that purpose."

authorities.  To assist the superior court in determining defendant's eligibility, on October 25, 2022, the prosecution requested judicial notice of the "following materials accessible [to the parties], and the court via the Riverside Superior Court's 'Judicial Access' intranet website:  [¶] 1.  The complete jury instructions in the . . . case.  [¶] 2.  The unpublished 4th District Court of Appeal opinion on direct appeal . . . in this case, Court of Appeal case numbers E040156 and E040157, filed February 28, 2008.  [¶] 3.  All of the files and records in Riverside County Superior Court case number RIF111497."  In reply, defendant argued an evidentiary hearing should be granted because the prosecutor failed to file a sufficient response, and it is improper to deny the petition at the prima facie stage based on the absence of natural and probable consequences jury instructions or the fact petitioner was the sole actor in the underlying crime.

Hearing on defendant's petition was held on December 7, 2022.  Defense counsel argued that defendant should not be denied an evidentiary hearing even though "there were no natural and probable consequences jury instructions and there were no instructions regarding felony murder rule."  Citing *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), counsel asserted section 1172.6 provides a "third more broad category" of "theories that the prosecutor could have used to impute malice."  According to defense counsel, defendant's actions constituted an assault with a firearm and his participation in that offense provided the malice that had been imputed to convict him of attempted murder, but he "never harbored any malice to kill the police officer."  The prosecutor responded, "Obviously the defendant has confused the word 'infer' with 'impute.'  As 1172.6 was designed and drafted and put into law to relieve liability for

people who are eligible after aiding and abetting a crime in which there are multiple participants under the felony murder rule or the natural and probable consequences law, in which there are multiple participants, not just one, in which malice is imputed to them by their participation in a crime, not to infer malice based upon an individual's, a lone actor's, individual behavior." The superior court continued the matter in order to "review everything that's been submitted," including new case law—*Langi*—cited by defense counsel, and "give full consideration to the arguments made by the parties."

On January 13, 2023, the court stated that it had reviewed the court file, "specifically the jury instructions, as well as some of the verdict forms and findings issued by the jury," and reviewed "the arguments of counsel" from December 7th. It then summarily denied the petition and explained its reasons for doing so. The court distinguished the *Langi* opinion on the grounds that case involved multiple defendants and the jury could have found that one had the intent to kill and imputed that intent to defendant Langi because the instructions failed to "specifically tell the jury they had to believe Mr. Langi himself had that specific intent." In contrast, there were no other persons involved in defendant's case. The court added, "[t]he jury was not given any instructions on the natural and probable consequences doctrine. They were given the standard verdict forms on attempted murder. They were given forms, instructions that required them to find an express union or joint operation of act and specific intent to kill. The verdict forms reflect that they made that finding." According to the court, "the record of conviction establishes that the jury necessarily found that [defendant] acted with a specific intent to kill. . . . [And,] that finding establishe[d] as a matter of law [he]

7

could still be convicted of murder under the amended laws."  Defense counsel closed by acknowledging that he was "actually pushing [*Langi's*] reasoning a little bit further . . . [by arguing] that the jury imputed [defendant's] malice or his intention from an assault with a deadly weapon onto the attempted murder."

## II.  DISCUSSION

Defendant contends the record on appeal is inadequate for full and fair review of the superior court's order because the prosecutor's request for judicial notice of the record of conviction failed to properly respond to the petition, and the court never ruled on the prosecution's request or identified all of the documents the court had reviewed. Alternatively, defendant contends the court erred in summarily denying his petition because the record does not conclusively establish that he was not convicted based on the theory of imputed malice.  The People contend the record shows the court properly relied on the trial transcripts, jury instructions, and verdicts from the underlying conviction in determining defendant was ineligible for relief, and the record of conviction shows the jury was not instructed on aiding and abetting principles or the natural and probable consequences doctrine.

*A.  Applicable Law.*

Defendants who were convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" are entitled to relief prescribed in section 1172.6.  (§ 1172.6, subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021,

8

ch. 551 § 2) amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder, but only if that conviction was based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, a defendant convicted of attempted murder either as an actual perpetrator or a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204 (*Cortes*).)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied: (1) the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)(1)); (2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (*id*., subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id*., subd. (a)(3); accord, *People v. Watson* (2021) 64 Cal.App.5th 474, 482 [former § 1170.95].)

Where the petition complies with the three requirements, the superior court proceeds to section 1172.6, subdivision (c), to assess whether the petitioner has made "'a prima facie showing'" for relief. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) The prima facie inquiry "is limited. . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to

9

relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.'"  [Citation.]"  (*Id.* at p. 971.)  At the prima facie hearing, the court may consider the record of conviction.[6]  (*Ibid.*)  "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the [superior] court may dismiss the petition."  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  A petitioner is ineligible for section 1172.6 relief as a matter of law if, for example, the jury instructions show that jurors were not instructed on any theory of liability for murder that allowed malice to be imputed to the defendant, or if the record of conviction shows that his or her conviction was based on a theory of liability that remains valid under Senate Bill 1437. (*Cortes*, *supra*, 75 Cal.App.5th at p. 205 ["'notwithstanding Senate Bill 1437's elimination of natural and probable consequences,'" implied malice remains a valid theory of second degree murder]; see *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183 [defendant convicted of conspiracy to murder ineligible for § 1172.6 relief].)

---

[6] The record of conviction includes jury verdicts, jury instructions, and closing arguments.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 54-56 [considering jury instructions and verdicts to determine whether defendant made prima facie showing of eligibility]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [considering sentencing enhancements, jury instructions, closing arguments, and verdicts at prima facie stage].) This does not include our appellate opinion.  "[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing.  [Citation.]  If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage."  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. omitted; see *People v. Clements* (2022) 75 Cal.App.5th 276, 292 ["[T]rial judges should not rely on the factual summaries contained in prior appellate decisions when a section [1172.6] petition reaches the stage of a full-fledged evidentiary hearing."].)

In this case, the superior court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (*Id*. at p. 961; *People v. Harden*, *supra*, 81 Cal.App.5th at p. 52.) Because the court's statutory omissions at the prima facie stage under section 1172.6 are not constitutional violations, we apply the state law standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, at pp. 973-974.) If the court improperly relies on facts stated in an appellate opinion, the error may be found harmless where the record of conviction conclusively establishes the petition is ineligible for relief. (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1104-1105 [discussing the harmless error standard in this context].)

### B. The Superior Court Relied on the Record of Conviction.

Defendant argues that because the superior court "did not rule on the motion for judicial notice and did not specify which documents it relied on in making its decision, this case should be remanded for clarification of the record and a new prima facie hearing."

During the initial hearing on December 7, 2022, defense counsel began, "The prosecutor, when they filed their judicial notice, didn't put any arguments, didn't put anything in their judicial notice. I'll let the Court decide whether it wants to deal with that." Counsel then argued defendant made a prima facie showing that he was convicted of attempted murder under a theory that is no longer valid, and the court must presume defendant's version of the facts are true. Counsel was "happy to go into the facts, but at

11

that point, we're weighing evidence."  The superior court inquired into counsel's position as to whether it may consider "the factual record of proceedings like jury instructions, jury findings, or appellate opinions?"  Citing *Lewis*, defense counsel replied, "The Court is allowed to look at certain documents including transcripts of the proceedings, so on and so forth. . . . [T]he Court has to find conclusively from the jury instructions, from the trial transcripts, that [defendant] harbored the sufficient malice aforethought to support attempted murder."

In response, the prosecutor stated, "[T]he People's filing and request for judicial notice was a procedure agreed upon by [defense counsel's] office[7], Judge Molloy, and me, in cases in which we did not want to burden the court with printing out a complete set of jury instructions that are accessible to the court, the public defender's office, and our office, . . . and all parties that were a party to the action could access them online, take judicial notice of them, and save paper, trees, and effort.  So it's not a shortcut or burden shirking on the part of the People.  It's what [defense counsel's] office and I and the court agreed to in cases like this."  The superior court continued the matter in order to "review everything that's been submitted," including the *Langi* case, and "give full consideration to the arguments made by the parties."

On January 13, 2023, the court stated that it "had an opportunity to review [the *Langi*] case and review the additional information in the court file, . . . specifically the jury instructions, as well as some of the verdict forms and findings issued by the jury."

---

**7**  Defense counsel appeared on behalf of the public defender's office representing defendant.

We conclude the record is adequate for a full and fair review of the superior court's order. The prosecutor submitted a proper request for judicial notice of the record of conviction. Furthermore, the superior court granted, albeit implicitly, the prosecution's request for judicial notice. Even if we assume the court erred in failing to specifically state its ruling—or that it had "reviewed *all*" of the records in the court file—on the record, we conclude the error is harmless. As we explain, the jury's findings in the original proceedings were based on defendant acting alone with intent to kill and not based on the natural and probable consequences doctrine or any other theory of imputed malice. The record of conviction conclusively demonstrates defendant is ineligible for section 1172.6 relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

*C. Defendant's Conviction was not Based on Imputed Malice.*

Defendant contends the record fails to conclusively establish that he was not convicted based on the theory of imputed malice. We disagree.

Defendant's record of conviction conclusively establishes he was not convicted under any theory of imputed malice. Instead, the record shows that he acted alone and was convicted based on his own malice in committing a direct but ineffectual act toward killing another human being. Defendant was charged with the willful, deliberate, and premeditated attempted murder of a peace officer, and it was alleged that he acted with malice aforethought and personally used a firearm. The jury was not instructed on aiding and abetting principles, natural and probable consequences, or any theory of liability that allowed malice to be imputed to defendant. Rather, the jury was instructed that to find

13

defendant guilty of attempted murder, the prosecution had to prove that he took at least one "direct but ineffectual act . . . towards killing" the victim (CALJIC No. 8.66), and that he harbored a "deliberate intent to kill" (CALJIC No. 8.67). The jury returned a guilty verdict on the attempted murder charge, found defendant acted with premeditation and deliberation, and found he personally used a firearm. Given these findings, the jury necessarily decided defendant was the direct perpetrator of the attempted murder. Relief is not available to defendants convicted of attempted murder who are the actual perpetrators. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

Under the unambiguous terms of section 1172.6, defendant does not qualify for relief. (See *Cortes*, *supra*, 75 Cal.App.5th at p. 205.) Nonetheless, he attempts to circumvent this result by arguing that "it appears from the charges in the information and counsel's abbreviated description of the facts that [his] liability for attempted murder was premised on his commission of an assault with a firearm." In support of this argument, he cites *Langi*, and *People v. Maldonado* (2023) 87 Cal.App.5th 1257. In those cases, the "Courts of Appeal reversed orders denying section 1172.6 petitions at the prima facie review stage because, in their view, instructions on aiding and abetting and implied malice could have allowed juries to impute malice based solely on the appellant's participation in a crime." (*People v. Flores* (2023) 96 Cal.App5th 1164, 1172.) Neither case involved instructions that required the jury to find that defendant had the intent to kill, as was the case here. Defendant's jury was not instructed on implied malice; unlike murder, attempted murder requires intent to kill.

We reject the assertion the jurors may have imputed malice to defendant solely on his participation in the crime of assault with a firearm without having to find that he personally harbored the intent to kill for attempted murder.  Contrary to defendant's characterization, former CALJIC No. 9.20.1 on its face effectively limited its application to the assault with a firearm.  In relevant part, this instruction told jurors that "[e]very person who commits an assault with a semiautomatic firearm upon the person of a peace officer engaged in the performance of his duties and who knows or reasonably should know that such a person is a peace officer and is engaged in the performance of his duties is guilty of a violation of Penal Code section 245, subdivision (d)(2)."

Moreover, the jury was instructed with former CALJIC Nos. 3.31 [Concurrence of Act and Specific Intent] and 3.30 [Concurrence of Act and General Criminal Intent].  Former CALJIC No. 3.31 provided:  "*In the crimes and allegations charged in Count 1, attempted murder* and the gang allegation, *there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator*.  Unless this specific intent exists the crime or allegation to which it relates is not committed or is not true.  [¶]  The specific intent required is included in the definitions of the crimes or allegations set forth elsewhere in these instructions."  (Italics added.)  Former CALJIC No. 3.30 provided:  "*In the crimes charged in Counts 2* and 3, *namely, assault on a peace officer* and being an ex-felon in possession of a firearm, and the use of a firearm allegation, *there must exist a union or joint operation of act or conduct and general criminal intent*.  General criminal intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting

15

with general criminal intent, even though he may not know that his act or conduct is unlawful." (Italics added.) Reading the instructions as a whole, as we must (*People v. Burton* (2018) 29 Cal.App.5th 917, 925), we conclude the instructions could not have allowed defendant's jury to impute malice based solely on his participation in the crime of assault with a firearm.

To summarize, based on his record of conviction, we conclude it is not reasonably probable defendant would have received a better outcome had the superior court held an evidentiary hearing on his petition. Nothing would have changed the underlying jury instructions, verdicts, or theory used to find him guilty. He is ineligible for relief under section 1172.6 because he was the actual perpetrator who acted with the intent to kill; the trial court did not prejudicially err when it summarily denied his petition.

## III. DISPOSITION

The postjudgment order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORT

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

16